Judge Owsley
delivered the opinion.
Under a power of attorney given by Hyronimus and wife, authorising Jenkins to sell a legacy which the wife was entitled to from the estate of Ambrose Bush, dec. Jenkins sold the legacy to the defendant in error, Jeremiah Bush, for four hundred dollars, and to secure the payment thereof, Bush gave his note to Jenkins, payable at a named day.
The note not being paid according to its stipulations, Jenkins brought an action at law, and recovered judgment against Bush.
To be released from the judgment, Bush exhibitéd his bill in equity, with injunction, alleging, among other things, that in making the sale and taking the note, Jenkins acted as the agent and attorney in fact of Hyronimus and wife; that the note, though executed in the name of Jenkins, was’ given forthe use and benefit of Ilvronimus and wife; that he has paid Jenkins one hundred dollars in part of the note, anil holds a note for three hundred dallars, given by the said Hyronimus to Ambrose Bush, dec. and which has been assigned by the administrator of said Ambrose to him; that be has demanded of Jenkins to receive the note on Hyronimus and release the judgment at law, 6ut Jenkins' refuses to do so; he moreover charges that Hyronimus is out of the state and insolvent; and after making Hvroni-mns and wife, and Jenkins defendants, asks for an injunction against the judgment; and that on a final bearing the injunction may be decreed psrpetual, &c.
Jenkins, by his answer, admits the sale of the legacy under the power of attorney from Hyronimus and wife, but alleges that at the time the note was given, he was bound as endorser for Hyronimus on a note previously given by Hyronimus, and that Hyronimus being unable to pay the endorsed note, the note was executed by Bush in bis name as an indemnity, and for the purpose of securing him against the endorsement: He also alleges that he has since had to pay the endorsed note, and insists upon his right to the benefit of the judgment at law, &e.
Hyronimus and wife also answered, and the cause having Come on to a final hearing, the court decreed the injunction perpetual against the judgment at law, and decreed the defendants in that court to pay costs.
Wicklijfe and Hanson for plaintiff, Hoggin for defendant.
We entertain no doubt but the decree is correct. There ⅛ not only a lota! lack of evidence, on the par! of J> nkin», conducing to prove the note to have been given on the consideration and for the purpose alleged in his answer; but to-the con!rare, it is satisfactorily proven that the note was given by Bush to Jenkins exclusive!) fi,F the use and benefit of Hvrcmintus and wife.
Underthese circumstances, it was clearly correct for the Court to decree to Bush a discount for the note which be held on Byronituus, and which be was unable to recover at law, in consequence of the absence of Hyronimus from the state.
The decree most be affirmed with costs.